UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:12-CR-110 JD |
| | ) | |
| RUBEN TREVINO (04) | ) | |

**OPINION AND ORDER**

Defendant Ruben Trevino was convicted on two counts arising out of his participation in a drug trafficking operation, and he received a sentence of 90 months of imprisonment (which has since been reduced to 84 months). The first count, which was Count 2 of the indictment, was for possessing marijuana with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). The second count, Count 5 of the indictment, was for possessing a firearm in furtherance of that drug trafficking crime, in violation of 18 U.S.C. § 924(c), or for aiding and abetting that offense, 18 U.S.C. § 2. Mr. Trevino pled guilty to both counts pursuant to a plea agreement. Judgment was entered on those convictions on October 10, 2013, and Mr. Trevino did not appeal.

Mr. Trevino has now filed a motion in which he seeks relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing that his conviction and sentence were unlawful. Mr. Trevino's motion did not expressly reference 28 U.S.C. § 2255, but a petition under that section is the only avenue for raising claims such as these. Accordingly, the Court notified Mr. Trevino that, unless he withdrew his motion by August 17, 2016, the Court would construe it as a motion for collateral relief under § 2255. Mr. Trevino did not respond by that date, and has not withdrawn his motion, so the Court construes the Motion for Relief in Light of *Johnson v. United States* as a motion under § 2255.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Here, it plainly appears that Mr. Trevino is not entitled to relief, as his conviction and sentence were unaffected by *Johnson*, so the Court dismisses the motion.

Section 924(c), under which Mr. Trevino was convicted, prohibits the possession of a firearm in furtherance of either a "drug trafficking crime" or a "crime of violence." 18 U.S.C. § 924(c). In *Johnson*, the Supreme Court invalidated a portion of the definition of the term "violent felony" under the Armed Career Criminal Act, which is similar to the definition of the term "crime of violence" under § 924(c). However, Mr. Trevino's conviction was for possessing a firearm in furtherance of a "drug trafficking crime"—possessing marijuana with the intent to distribute it—not a "crime of violence," and *Johnson* had no effect on the definition of a drug trafficking crime. Therefore, *Johnson* does not apply to Mr. Trevino's conviction.

Mr. Trevino next argues that the government failed to establish facts necessary to support a conviction under § 924(c), as it did not show that he possessed or controlled the property where the firearm was recovered. This argument fails for multiple procedural reasons, as a challenge to the factual basis for a plea would need to have been raised on a direct appeal. Moreover, even if such a claim was proper under § 2255, it would be untimely. A motion under § 2255 must generally be filed within one year of when the conviction became final, § 2255(f), but Mr. Trevino's motion was filed nearly three years after his conviction became final. And because this claim does not arise under *Johnson*, it is not timely under the provision allowing claims to be brought within one year of the Supreme Court's recognition of new retroactive rules. Additionally, in his plea agreement, Mr. Trevino waived the right to challenge his conviction or

sentence in a proceeding under § 2255, with limited exceptions not applicable here. [DE 116 ¶ 9(o)].

This claim also fails on its merits, as Mr. Trevino expressly admitted facts in his plea agreement that are sufficient to support his conviction. In his plea agreement, Mr. Trevino admitted the following facts:

> In the fall of 2012 I was involved with several persons in an agreement to distribute marijuana in LaPorte County, Indiana and elsewhere. In September of 2012 a shipment of about 300 pounds of marijuana came to a house at 5686 E. Nappanee Trail in Rolling Prairie, Indiana. I was involved in the possession and distribution of that marijuana. When the police searched the residence they located several firearms in the house. Although I did not own the firearms, I knew that the person who rented the house had a firearm to help protect the drugs and large amounts of cash from the drug sales. I was fully aware that this individual who I was working with in the distribution of marijuana had the firearm for that purpose. I had been staying at the house until the marijuana was sold to others. I was to share in the drug proceeds that were located during the search of the residence.

[DE 116 ¶ 9(h)]. Those facts are sufficient to support a conviction for aiding and abetting a § 924(c) offense, as Mr. Trevino took part in the drug trafficking offense and was "fully aware" that his associate possessed a firearm in furtherance of that offense. *Rosemond v. United States*, 134 U.S. 248 (2014).

Finally, Mr. Trevino notes that one of his co-defendants, Joseph Olivo, had his case remanded by the Supreme Court back to the court of appeals for further consideration in light of *Johnson*. Mr. Olivo's case is different in multiple respects, though, so that action in Mr. Olivo's case does not suggest that Mr. Trevino is entitled to relief. First, Mr. Olivo's case was on direct appeal, whereas this case is a collateral review, so Mr. Trevino faces procedural obstacles to relief, as described above. Second, Mr. Olivo's sentence (which was 292 months of imprisonment in total) included a mandatory minimum sentence of 15 years under the Armed Career Criminal Act based on previous convictions for "violent felonies," and his sentencing range under the Guidelines was based in part on prior convictions for "crimes of violence,"

3

which may have been affected by *Johnson*. In contrast, Mr. Trevino was not sentenced under the Armed Career Criminal Act, and his sentencing range under the Guidelines was not affected in any way by any prior convictions for crimes of violence. Therefore, *Johnson* had no effect on Mr. Trevino's conviction or sentence.

For those reasons, the Court finds that it plainly appears from the motion that Mr. Trevino is not entitled to relief. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court therefore dismisses the motion. For those same reasons, the Court finds that the resolution of this motion is not debatable and that Mr. Trevino's claim is not sufficient to deserve encouragement to proceed further. The Court therefore denies the issuance of a certificate of appealability.

The Court advises Mr. Trevino that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. The Court further advises Mr. Trevino that Rule 4(a) of the Federal Rules of Appellate Procedure governs the time to appeal an order entered under the rules governing § 2255 proceedings. *See* Rule 11(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Under Rule 4(a), when the United States is a party in a civil case, any notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

To summarize, the Court CONSTRUES Mr. Trevino's Motion for Relief in Light of *Johnson v. United States* [DE 297] as a motion under § 2255. The Court further DISMISSES that motion and DENIES the issuance of a certificate of appealability.

Finally, Mr. Trevino has submitted a letter in which he requests various documents relating to this case. [DE 314]. The Clerk is DIRECTED to send Mr. Trevino a copy of the docket sheet for this case. If Mr. Trevino wishes to request a document, he should describe the document specifically and include its filing date and docket number.

SO ORDERED.

ENTERED: November 23, 2016

                                                /s/ JON E. DEGUILIO
Judge
United States District Court